IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JASON R. BENDER,            ) | |
| ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.            ) | C. A. No. 06-cv-0772-JJF |
| STEVEN ROBERTSON,            ) | |
| ) | |
| Defendant.            ) | |

## ANSWER OF DEFENDANT

1. Admitted.

2. Admitted.

3. Admitted by information and belief, except that the plaintiff's current residence is in the custody of the State of Delaware Department of Corrections as a prison inmate.

4. Denied as alleged. Admitted only that the defendant is an officer with the Delaware State Police. The balance of the averment calls for a legal conclusion, and is therefore denied.

5. Denied as alleged. On the date in question, Corporal Robertson was dispatched to investigate a reported domestic violence incident, and was given information concerning two vehicles believed to be involved.

6. Denied as alleged. Corporal Robertson observed a vehicle similar to the description given, apparently being pursued by a second vehicle. Corporal Robertson pursued the vehicles, and was able to stop the first car, driven by a female.

7. Denied as alleged. As the second vehicle approached the area where the first vehicle had stopped, Corporal Robertson motioned with his departmental flashlight for the second vehicle to stop in the vicinity of his marked patrol vehicle, with emergency lights operational. The approaching vehicle did not slow or stop, and proceeded toward Corporal Robertson, at a high rate of speed, forcing Corporal Robertson to avoid being struck. The vehicle proceeded past the officer, the patrol vehicle, and the stopped vehicle

without stopping and fled the scene. The plaintiff, who was driving the vehicle, was under the influence of alcohol.

8. Denied as alleged. As the vehicle drove at him at a high rate of speed, ignoring his commands to stop, Corporal Robertson, in fear of his life, discharged his weapon at the vehicle. A single shot struck the vehicle as it passed within inches of Corporal Robertson. There were no passengers in the vehicle. The plaintiff, who was the driver and lone occupant of the vehicle, was not struck, and fled the scene. Fragments of the bullet were later recovered from the vehicle as noted.

9. Denied as alleged. The interview of Corporal Robertson speaks for itself.

10. Denied as alleged. The plaintiff drove his vehicle directly at Corporal Robertson, in an effort to strike him or force him off the road surface, and then fled the scene, despite the presence of a marked Delaware State Police vehicle with emergency lights activated. Corporal Robertson, who was not injured, was able to return to his patrol vehicle and undertake pursuit of the plaintiff. Corporal Robertson engaged in a high-speed pursuit of the plaintiff, who was driving under the influence of alcohol. The plaintiff fled police for approximately two miles before coming to a stop. The plaintiff did not stop voluntarily.

11. Denied as alleged. Upon stopping, the plaintiff, who was under the influence of alcohol, disregarded the commands of police officers, and attempted to flee. When officers attempted to restrain the plaintiff and to handcuff him, he physically resisted and attempted to fight with the officers, acting with malice and wanton disregard for their safety. Corporal Robertson and other assisting officers eventually managed to physically restrain the plaintiff and take him into custody.

12. Denied as alleged. Admitted only that the officers were eventually able to handcuff the plaintiff, and that both the plaintiff and Corporal Robertson were treated and released for physical injuries sustained when the plaintiff resisted arrest, attempted to flee, and fought with the police officers.

13. Denied as alleged. The plaintiff was arrested at the scene and subsequently charged as noted. He was later permitted to enter into a plea bargain whereby he pled guilty to driving under the influence of alcohol at the time of the incident, and was sentenced to a year of incarceration as a fourth offender. Following the plaintiff's

admission of guilt and sentence, a nolle prosequi was entered as to the remaining charges, pursuant to the plea bargain and the plaintiff's incarceration.

14.     The defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 13 above.

15.     Denied.  The defendant was justified in his use of deadly force in self-protection and for the protection of others, when confronted with a hostile driver attempting to strike and kill him.

16.     Denied.  To the extent that the plaintiff has suffered as alleged, the proximate cause of any "pain, fear, or humiliation" would be the plaintiff's driving under the influence of alcohol, domestic violence, flight from the police, and fighting with police officers.

17.     The defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 16 above.

18.     Denied as alleged.  Admitted only that Corporal Robertson and other arresting officers used only such force as was necessary to apprehend and restrain the plaintiff, and to defend themselves and to repel his attacks on them.  The plaintiff was at all times the aggressor, and the officers were fully justified in defending themselves and in arresting the plaintiff and preventing him from driving under the influence of alcohol.

## Affirmative Defenses

19.     Cpl. Robertson was justified in using deadly force in self-defense, in the face of plaintiff's attempt to cause his death or serious physical injury.

20.     Cpl. Robertson was justified in using deadly force to prevent harm to others, in the face of the plaintiff's flight after attempting to cause death or serious physical injury.

21.     The claims set forth in this lawsuit are barred by the qualified immunity of Cpl. Robertson from liability.

22.     The claims set forth in this lawsuit are barred by the sovereign immunity of the State of Delaware.

23.     The Complaint fails to state a claim upon which relief can be granted by the Court.

WHEREFORE, the defendant asks that the Complaint be dismissed, with prejudice, and that all costs and fees of the action be assessed to the plaintiff.

/s/ Ralph K. Durstein III
Ralph K. Durstein III (#0912)
Department of Justice
State of Delaware
820 N. French Street
Wilmington, DE 19801
(302) 577-8510

Attorney for Steven Robertson

March 1, 2007

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on March 1, 2007, he caused the attached Answer of Defendant to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Etta R. Wolfe
Smith, Katzenstein, & Furlow
The Corporate Plaza
800 Delaware Ave.
P.O. Box 410
Wilmington, DE 19899
(302) 652-8400
Email: erw@skfdelaware.com

/s/ Ralph K. Durstein III
Ralph K. Durstein III, I.D. #912
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510
Attorney for Defendant