IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JASON R. BENDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | C. A. No. 06-cv-0772-GMS |
| | ) | |
| **STEVEN ROBERTSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION AND ORDER AS TO CONFIDENTIALITY

This Stipulation and Order of Confidentiality is designed to balance the rights of the plaintiff Jason R. Bender (the "Plaintiff") to have access to potentially relevant evidence in the custody, possession or control of the Division of State Police and the defendant, against the privacy rights of non-party employees, past or present, of the Delaware State Police with respect to the investigative, disciplinary, or personnel records the Plaintiff may seek to discover. It is, therefore, agreed as follows:

1. Any investigative, disciplinary, medical, or personnel files, and any other internal documents and information of a personal nature concerning employees or former employees of the Division of State Police (hereinafter referred to collectively as "Confidential Material"), may be supplied by the Defendant to the Plaintiff pursuant to formal discovery requests subject to the terms of this Stipulation and Confidentiality Order.

2. The designation of material as "Confidential" for purposes of this Stipulation shall be made in the following manner:

    (a) In the case of documents, exhibits, briefs, memoranda, interrogatories or other materials (apart from depositions or other pretrial testimony): by affixing the legend

{06218\ORD\10031023.DOC}

1

"Confidential" to each page containing any Confidential Material, except that in the case of multi-page documents bound together by staple or other binding, the word "Confidential" need only be stamped on the cover page of the document in order for the entire document to be treated as Confidential Material; provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and the State Defendants may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order;

(b) In the case of depositions or other pretrial discovery: (i) by a statement on the record at the time of such disclosure that such testimony shall be treated as Confidential Material; or (ii) by written notice, sent by counsel to all parties within ten business days after receiving a copy of the transcript. In both of the foregoing instances, counsel shall direct the court reporter that the confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material. Only those portions of the transcripts designated as "Confidential" pursuant to sections (i) and (ii) above shall be deemed Confidential Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, or otherwise by written stipulation, without further order of the Court.

3. Each person to whom Confidential Material is disclosed or made available, including experts or consultants retained by any party, shall be advised of the existence and the contents of this Stipulation and Order and shall be bound by its terms and conditions. No such person shall divulge any Confidential Material, or any data or information obtained, derived or generated from Confidential Material, to any other person, except as provided herein. Each such person, excluding the parties to this action, counsel of record, and counsel's staff, shall sign a

{06218|ORD|10031023.DOC}

statement which shall include his or her name, job title and employer, and a statement that he or she has read this Stipulation and Order of Confidentiality and agrees to be bound by all of its terms and conditions. Such statements shall be maintained by counsel throughout this litigation, and the statements of any persons shown Confidential Material shall be made available to counsel for the State Defendants upon termination of this litigation or upon good cause shown.

4. Confidential Material, or data and information obtained, derived or generated from Confidential Material, shall be disclosed only to:

    (a)    the Court and Court personnel;

    (b)    attorneys of record in this action, persons employed in the attorneys' office, and independent contractors retained by the attorneys, on a need-to-know basis;

    (c)    plaintiff and Defendants;

    (d)    experts consulted or retained by the parties or their lawyers for purposes of this litigation;

    (e)    witnesses or potential witnesses with whom counsel of record deem it necessary to discuss such material in the course of discovery and/or preparation for trial.

5. Confidential Material, or data and information obtained, derived or generated from Confidential Material, shall not be used for any purpose other than pretrial proceedings, preparation for trial, at trial, and post-trial litigation in connection with the above-captioned action.

6. Any documents filed of record which contain Confidential Material shall be placed in a sealed envelope or other sealed container at the time of filing, which envelope or container shall be conspicuously endorsed with the title of this action, the words "Confidential Material - Subject to Protective Order," and a statement substantially in the following form:

**This envelope is sealed pursuant to order of the Court and contains confidential information filed in this case by [name or party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.**

7.    Nothing contained in this Stipulation and Order of Confidentiality shall be construed as a waiver by the Defendant of his right to object to the subject matter of any discovery request made in this action, or the admissibility into evidence of any document or testimony subject to this Stipulation and Order. The execution of the Stipulation and Order of Confidentiality shall not be construed as an agreement by the defendant to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raise in the pending action or as a waiver of any privilege with respect thereto.

8.    Any dispute arising under this Stipulation and Order of Confidentiality shall be submitted to the Court for resolution. If Plaintiff disagrees with the designation of any material as Confidential Material, the material so designated shall nonetheless be deemed to be Confidential Material, and Plaintiff shall be required to file an appropriate motion with the Court. Likewise, nothing contained in this Stipulation and Order of Confidentiality shall be construed as a waiver by the Plaintiff of his right to seek to compel discovery of the Defendant and/or file an appropriate motion with the Court contesting the refusal to produce information and/or documents by the Defendant. A motion may be made at any time, and failure to make a prompt motion shall not be deemed a waiver of the intent to make such motion.

9.    Within thirty (30) days after the final termination of this action, whether by settlement, judgment, or decision on appeal, all originals and copies of documents designated as confidential shall be returned to counsel for the Defendant, together with all documents

containing data or information derived from or set forth in such Confidential Material, but this paragraph does not cover or include any pleadings filed by the plaintiff with the Court.

10. If any Confidential Material, information or data obtained, derived or generated therefrom, is sought through discovery from Plaintiff by any party in any other judicial or administration proceeding, Plaintiff will immediately notify defense counsel so as to allow the opportunity to seek a protective order from the appropriate court.

11. The provisions of this Stipulation and Order of Confidentiality shall not apply to any future parties or claims in this lawsuit, unless specifically amended to reflect applicability to such parties or claims.

Dated: September 17, 2007                        Dated: October 1, 2007

/s/ Etta R. Wolfe                                /s/ Ralph K. Durstein III
Etta R. Wolfe, Esquire (#4164)                   Ralph K. Durstein III, Esquire (#912)
Smith, Katzenstein, & Furlow, LLP                Deputy Attorney General
The Corporate Plaza                              Civil Division
800 Delaware Ave.                                Department of Justice
P.O. Box 410                                     820 North French Street
Wilmington, DE 19899                             Wilmington, DE 19801
(302) 652-8400                                   (302) 577-8510
Counsel for the Plaintiff                        Counsel for the Defendant

APPROVED AND SO ORDERED this ___ day of _____, 2007

_____
United States District Judge, Gregory M. Sleet